IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.

JACK BUTLER,

    Plaintiff,

v.

Case No.: 24-cv-2045

BURNING MAN PROJECT,
DAVE WELLHAUSER and
RANGER HAZELNUT a/k/a JANE DOE,

    Defendants.

### DEFENDANT'S NOTICE OF REMOVAL

TO THE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLORADO:

Defendants Burning Man Project ("BMP"), Dave Wellhauser ("Wellhauser"), and Ranger Hazelnut a/k/a Stephanie Vesik ("Vesik") (collectively "Defendants"), by and through their undersigned counsel, hereby remove the instant action from the District Court, Jefferson County, to the United States District Court for the District of Colorado on the following grounds:

### OVERVIEW

1. This case is removable to the U.S. District Court because of the parties' complete diversity. Plaintiff Jack Butler ("Plaintiff") is a citizen and resident of Colorado, Defendant BMP is a foreign non-profit with its principal place of business in San Francisco, California, Defendant Wellhauser is a citizen and resident of Buffalo, New York, and Defendant Vesik is a citizen and resident of the State of Oregon. Furthermore, as set forth below, the amount in controversy in this

case exceeds $75,000. Accordingly, removal is appropriate under 29 U.S.C. § 1332. This removal notice is timely filed under 28 U.S.C. § 1446.

2.  Plaintiff alleges two claims for relief. Specifically, Plaintiff has asserted the following causes of action: (a) Breach of Contract against BMP and (b) Violation of Privacy Rights against all defendants.

3.  Defendants conferred with Plaintiff regarding the removal of this Action; Plaintiff opposes this removal.

## SERVICE OF COMPLAINT AND SUMMONS

4.  On April 3, 2024, Plaintiff commenced an action in the District Court, Jefferson County, Colorado, entitled *Jack Butler v. Burning Man Project, Dave Wellhauser and Ranger Hazelnut a/k/a Jane Doe,* Case No. 2024 CV 30472 (hereinafter referred to as the "State Action"). A true and correct copy of the Complaint (**Exhibit A**), the District Court Case Cover Sheet ("Cover Sheet") (**Exhibit B**), and the Summonses (**Exhibit C**) are attached hereto.

5.  On April 4, 2024, the Court issued a Civil Procedure Order (**Exhibit D**).

6.  On June 4, 2024, Plaintiff filed a First Amended Complaint (the "Complaint") with Exhibit A (**Exhibit E**)[1].

7.  On June 27, 2024, Plaintiff filed returns of service for Defendant Dave Wellhauser and Defendant Burning Man Project (**Exhibit F**).

---

[1] Defendant was unable to retrieve Exhibit A to Plaintiff's First Amended Complaint as it is only available to counsel representing the parties to the lawsuit. The undersigned counsel has not entered an appearance in the State Court action.

2

8. On July 9, 2024, Plaintiff filed the executed Waiver of Service for Defendant Vesik (**Exhibit G**).

9. On July 8, 2024, Defendants moved for an extension of time to answer or otherwise respond to Plaintiff's First Amended Complaint (**Exhibit H**) and on July 10, 2024, the Court granted said motion allowing Defendants until August 7, 2024, within which time to answer or otherwise respond **(Exhibit I)**.

10. This Court has jurisdiction over this action based on diversity of citizenship, in accordance with 28 U.S.C § 1441. Each defendant shall have 30 days after receipt by or service on the defendant to file the notice of removal. *Id*. at (b)(2)(B).

11. This Notice of Removal is being filed within thirty days of receipt of service of the Complaint for Defendant Vesik, in accordance with 28 U.S.C. § 1446(b). Defendants BMP and Wellhauser join the removal of this action.

12. As of the date of filing this Notice, Defendants have not filed or served an answer or responsive pleading to the First Amended Complaint in the State Court.

## DIVERSITY JURISDICTION

13. 28 U.S.C. § 1332(a)(1) grants original jurisdiction to United States District Courts for "all civil actions where the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs, and is between… (1) citizens of different States."

14. Plaintiff is a citizen and resident of the State of Colorado. *See* **Ex. E** at ¶ 1.

15. For purposes of diversity jurisdiction, "a corporation is a citizen of its state of incorporation and the state where its principal place of business is located." *Grynberg v. Kinger Morgan Energy Partners*, 805 F.3d 901, 905 (2015). Defendant BMP is a California non-profit

3

corporation with its principal place of business in the State of California and its principal mailing address also in the State of California; it is registered to do business in the State of Colorado. *Id.* at ¶¶ 2.

16. Because Defendant BMP is not a citizen of the State of Colorado, complete diversity exists between Plaintiff and Defendant BMP. *Id.* at ¶¶ 1-3.

17. Defendant Wellhauser is a citizen and resident of the State of New York. **Ex. F**. Therefore, complete diversity exists between Plaintiff and Defendant Wellhauser at this time.

18. Defendant Vesik is a citizen and resident of the State of Oregon. Therefore, complete diversity exists between Plaintiff and Defendant Vesik.

19. Based on an estimate of the potential damages from the allegations in the Complaint, the amount in controversy in this case exceeds $75,000.00. As evidenced by Plaintiff's Civil Cover Sheet, Plaintiff seeks a monetary judgment of more than $100,000, exclusive of interest and costs. *See* **Ex. B** at ¶ 2.

20. The 10th Circuit has held that the amount in controversy cannot be satisfied by Plaintiff's Civil Cover Sheet alone. *Baker v. Sears Holding Corp.*, 557 F.Supp.2d 1208, 1211 (D. Colo. 2007). However, "[d]ocuments that demonstrate the plaintiff's own estimation of its claim are a proper means of supporting the allegations in the notice of removal[.] *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Here, Plaintiff's Civil Cover Sheet can be used as an estimate of the amount that will be put at issue in the course of litigation based on the combination of facts and theories of recovery within Plaintiff's Complaint.

21. When the complaint does not explicitly state the amount the plaintiff is requesting to recover, the defendants and the Court may look at the facts and theories of recovery within the

complaint to determine if it supports a claim over $75,000. *Id*. at 955. "[T]he notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 135 S. Ct. 547 (2014).

22. Plaintiff's Complaint contains the following facts and requests for recovery that exceed the jurisdictional threshold. *See* **Ex. E**. Plaintiff alleges that Defendant BMP breached its contract with Plaintiff, causing "Plaintiff to incur economic damages and reputational damage." *See* ¶ **16**. Plaintiff alleges that Defendants violated his right to privacy, which caused significant damage to Plaintiff's reputation, "suffered from symptoms of post-traumatic stress, including depression, anxiety, and insomnia; the resulting emotional distress has had a fundamental impact on Plaintiff's interpersonal relationships, and his ability to work and function in the world." *See* ¶ **34**.

23. In Plaintiff's Request for Relief paragraph, Plaintiff seeks to recover "[g]eneral and special damages as compensation for damage to his reputation", punitive damages, "compensatory and consequential damages for lost wages, lost opportunities and other economic damages", noneconomic damages, attorneys' fees and costs, and pre-judgment and post-judgment interest. *See* **Ex. E, a. – j.**

24. For removal purposes, it does not matter that Plaintiff did not produce a monetary amount for his claimed damages. Nor, is it Defendants' burden to produce an amount in its notice for removal. Instead, Defendants must only show that it is plausible that Plaintiff's damages exceed $75,000. Further, it is difficult to compute emotional distress damages because "they are difficult

5

to quantify and are typically considered a fact issue for the jury." *Olsen v. Owners Ins. Co.*, Civil Action No. 18-cv-1665-RM-NYW, 2019 U.S. Dist. LEXIS 101048 (D. Colo. June 17, 2019).

25.     Here, Plaintiff seeks to recover past and future damage. Additionally, Plaintiff has gone beyond mere "garden variety" claims for emotional distress because it has manifested itself physically. For example, Plaintiff claims he suffers from "depression, anxiety, and insomnia", which has impacted "his ability to work and function in the world." **Ex. E, ¶ 34**.

26.     Therefore, based on Plaintiff's claims, it is plausible that his damages exceed $75,000. Thus, the jurisdictional threshold has been satisfied and the case should be removed.

## **VENUE**

27.     Although Plaintiff lives in the State of Colorado, Plaintiff improperly commenced the State Action in this District. The alleged unlawful actions took place in the State of California.[2]

28.     Therefore, pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1391(b), venue lies in the United States District Court for the District of California. Contemporaneously herewith, Defendants are filing a motion to transfer venue to California.

29.     Defendants have not filed responsive pleadings in the State Action.

30.     No hearings have been set in the State Action. **Exhibit J**, State Court Docket Sheet.

## **REMOVAL**

31.     Pursuant to 28 U.S.C. § 1446(d), Defendants have provided written notice of the removal to all parties in this action and will simultaneously file a copy of this Notice of Removal in the District Court, Jefferson County.

---

[2] Defendants BMP and Wellhauser will move for this matter to be transferred to the United States District Court for the District of California, Northern Division, after filing this Notice of Removal.

32. No motions are pending, and no hearings have been set in the State Action.

33. Defendants submit this Notice of Removal without waiving any defenses to the claims asserted by Plaintiff or conceding that Plaintiff has pled a claim upon which relief can be granted.

34. In accordance with D.C.COLO.LCivR 81.1, Defendants have attached copies of all State Court pleadings, motions and other papers, including the State Court's current docket sheet, attached hereto as **Ex. A-J.**

WHEREFORE, Defendants Burning Man Project, Dave Wellhauser, and Stephanie Vesik, respectfully request that the United States District Court for the District of Colorado accept the removal of this action from the State Court and direct that the District Court for Jefferson County have no further jurisdiction on this matter, unless and until this case is remanded.

Respectfully submitted this 25th day of July, 2024.

JACKSON LEWIS P.C.

*s/ Ryan P. Lessmann*
Ryan P. Lessmann
Grant T. Spillers
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Ryan.Lessmann@jacksonlewis.com
Grant.Spillers@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS BURNING MAN PROJECT, DAVE WELLHAUSER, AND STEPHANIE VESIK*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of July, 2024, a true and correct copy of the foregoing **NOTICE OF REMOVAL** was filed and served via CM/ECF upon the following:

Dan Ernst
ERNST LEGAL GROUP, LLC
217 E. 7th Avenue
Denver, CO 80203
dan@ernstlegalgroup.com

*Attorneys for Plaintiff*

*s/ Felicia Sargent*
for Jackson Lewis P.C.

4877-5691-2077, v. 2

8