**EXHIBIT E**

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED: June 4, 2024 11:20 AM<br>FILING ID: 541FFEE9D95DF<br>CASE NUMBER: 2024CV30472 |
| **Plaintiff:**<br>JACK BUTLER, an Individual<br><br>v.<br><br>**Defendants:**<br>BURNING MAN PROJECT, a foreign nonprofit corporation, DAVE WELLHAUSER, an individual and RANGER HAZELNUT, aka (JANE DOE) an individual. | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff Jack Butler*<br>Dan Ernst, #53438<br>ERNST LEGAL GROUP, LLC<br>217 E. 7th Avenue<br>Denver, CO 80203<br>Phone Number: 720-798-3667<br>dan@ernstlegalgroup.com | Case No.: 2024CV30472<br><br>Division : 8 |
| **FIRST AMENDED COMPLAINT AND JURY DEMAND** | |

COMES NOW Plaintiff Jack Butler by and through counsel Ernst Legal Group, LLC to submit to the above-captioned Court his first amended complaint against Defendants Burning Man Project, David Wellhauser, and Ranger Hazelnut ("Jane Doe") seeking remedies for injury to his reputation and privacy as well as economic and noneconomic damages caused by Defendants' tortious conduct and breach of contract, and in support of his legal claims states the following:

## **PARTIES**

1. Plaintiff JACK BUTLER, at all relevant times, was a resident of Jefferson County, Colorado.

2. Defendant BURNING MAN PROJECT ("BMP") is a foreign nonprofit corporation.

3. Defendant DAVID WELLHAUSER, is on information and belief, was at all relevant times a resident of Adams County, Colorado.

4. Defendant Ranger Hazelnut ("Jane Doe") is on information and belief, an employee of or volunteer-worker of BMP, and an individual of foreign state residence.

## JURISDICTION AND VENUE

5. This Court has personal jurisdiction over Defendants pursuant to C.R.S. § 13-1-214(1) as the causes of action herein arise from Defendants' commission of tortious acts and conduct constituting breach of contract within this state.

6. Venue is proper pursuant to C.R.C.P. 98(c)(1) because Jefferson County is where the Plaintiff resides at relevant times to this matter and where the injury to his reputation and damages have been suffered.

## FACTS OF THE MATTER

7. Jack Butler was accused of rape by a woman, who has subsequently retracted that false accusation, to the Burning Man Project Black Rock Rangers ("Rangers").

8. The Rangers are selected, trained and their conduct disciplined and rewarded by Defendant BMP in a manner that creates liability for BMP under the doctrine of *respondeat superior* for the tortious actions that ground Plaintiff's claims in this Complaint. *See* **Exhibit A**.

9. The Rangers initiated an investigation and conducted it in Colorado.

10. The Rangers conducted the investigation in a matter that violated the written policies of the Burning Man Project in material breach of the agreements between Plaintiff and Defendant BMP.

    i. The written policies breached include the requirement that more than one Ranger be tasked with any interview of a potential witness to an investigation of allegations of sexual misconduct.

    ii. The written policies outlined in the Ranger Disciplinary Process (*see* Exhibit A) to "FLAME" the allegations, including to listen to each side of a controversy and yet witnesses provided by Plaintiff to support his account were not contacted; Instead, multiple persons completely unconnected to the incident were contacted for no other reason than to dig up dirt in Plaintiff's past personal life in an attempt to "confirm" the false allegations against him through assembling prejudicial character evidence.

    iii. The written policies of the Rangers require transparency, and that obligation was breached by Defendant BMP's failure to provide the report of Defendant David Wellhauser upon request of Plaintiff.

    iv. The written policies of the Rangers require Personnel Investigators to make recommendations based on their findings to the Personnel Managers; this requirement was breached by having the Personnel Manager conduct the investigation.

    v. Plaintiff's request to address the Rangers regarding his suspension, including but not limited to the summary denial of Plaintiff's request to have the suspension reconsidered after obtaining a favorable outcome in his civil litigation against his accuser and obtaining a retraction statement from her, was not sufficient to constitute the contractual provision for review/appeal of the disciplinary decision against Plaintiff.

    vi.    When there are allegations such as those leveled against Plaintiff, the written policies of the Rangers require that two members of the Ranger Council arrange for a phone or face-to-face conversation with the accused Ranger to discuss the outcome, and follow up the conversation with a letter affirming the decision, so as to offer the accused Ranger an opportunity to ask questions, and simply to be there for them. This obligation was breached in that there was no face-to-face meeting between Plaintiff and two Rangers; nor was there even a phone conversation to provide Plaintiff an opportunity to ask questions. A summary email was sent announcing the Rangers' decision with no point of contact provided to Plaintiff, and no support was offered to Plaintiff to deal with and counter the unfair treatment to which he was being subjected.

    vii.    The Rangers' written policies require the investigation to conduct itself in a manner that respects the confidentiality of the accused Ranger's information to the extent possible; this provision of the contract was breached by the fact that multiple people in Plaintiff's community were told of the accusations against Plaintiff even though they had no possibility of knowledge of what Plaintiff was accused of.

    viii.    The Rangers' written policies embody the promise that an investigation of accused Rangers will be conducted in a fair and just manner; the manner in which the investigation was conducted breached this obligation and duty including but not limited to the violation of Plaintiff's privacy rights.

11.    Defendants conducted an investigation that violated Plaintiff's privacy rights.

      i. Defendants contacted persons who could not have had first-hand knowledge of the alleged rape, but who had prior sexual relationships with Plaintiff, and informed them of the accusations against Plaintiff.

      ii. Defendants' goal in doing so was not to actually determine whether there was any truth to the details of the allegations against Plaintiff, which included self-contradiction and facts proven false by documentary and testimonial evidence of witnesses to the alleged events, but rather to gather (and in that process disseminate) "character evidence" comprised of negative comments against Plaintiff by his ex-lovers.

      iii. Defendants failed to find, or even look for, any documents or testimony corroborating the details of the accuser's allegations against Plaintiff, but yet unjustly determined to impose discipline against Plaintiff, with no means of appeal; and even after informing Plaintiff that his suspension would be reconsidered if warranted by the outcome of a civil litigation, refused to reconsider his suspension despite a favorable outcome and a retraction statement issued by his accuser.

## CAUSES OF ACTION

*First Claim:*
*Breach of Contract*
*(against Defendant BMP)*

12. Plaintiff incorporates into this section, by this reference, each and all allegations of this Complaint.

13. Plaintiff had contracts and agreements with Defendant BMP.

14. Plaintiff performed his obligations under the contracts and agreements.

5

15. Defendant BMP failed to perform its obligations under the contracts and agreements by failing to abide by the organization's own written policies and procedures.

16. Defendant BMP's actions in breach of the above-referenced agreements caused Plaintiff to incur economic damages and reputational damage.

### *Second Claim: Violation of Privacy Rights*
### *(against all Defendants)*

30. Plaintiff incorporates all previous paragraphs herein by this reference.

31. The above-referenced procedures of investigation by the Defendants needlessly and recklessly or intentionally disclosed private and sensitive information to persons who the Rangers knew had no information relevant or admissible to prove the accusation against Plaintiff.

32. Defendants made these communications with malicious intent to people who they knew had no information that would be useful in determining whether Plaintiff had committed the crime of rape.

33. Defendants' communication of these statements defaming Plaintiff resulted in humiliation as well as pecuniary damage to Plaintiff.

34. Plaintiff has been significantly damaged in reputation; Plaintiff has suffered from symptoms of post-traumatic stress, including depression, anxiety, and insomnia; the resulting emotional distress has had a fundamental impact on Plaintiff's interpersonal relationships, and his ability to work and function in the world.

### **JURY DEMAND**

Plaintiff demands a jury trial for all above-identified issues and claims that are triable to a jury.

### **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests Judgment be entered on his behalf and against Defendants, each and all, for the following relief as is determined to be his entitlement and as is appropriate, mandatory and just:

    a.    General and special damages as compensation for damage to his reputation both up to the present and into the future;

    b.    Because Defendants' conduct amounts to defamation per se, Plaintiff is entitled to and respectfully requests an award of presumed damages;

    c.    Plaintiff is entitled to and requests an award of nominal damages and a Judgment clearing its name;

    d.    Plaintiff is entitled to punitive damages, and shall request them through the appropriate procedures at the appropriate time in these proceedings, because Defendants acted with malice and actual malice;

    e.    Plaintiff requests compensatory and consequential damages for lost wages, lost opportunities and other economic damages in an amount to be proven at trial;

    f.    Plaintiff requests noneconomic damages in an amount to be proven at trial;

    g.    Plaintiff requests attorneys' fees as mandatory, just and provided for by Colorado law;

    h.    Plaintiff requests pre-judgment and post-judgment interest;

    i.    Plaintiff requests legal costs;

    j.    and any such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED ON June 4, 2024,

        By:    ERNST LEGAL GROUP, LLC

                ___/s/Dan Ernst_____
                Dan Ernst, #53438

*Attorney for Plaintiff Jack Butler*

Plaintiff Jack Butler
c/o Ernst Legal Group, LLC
217 East 7th Avenue
Denver, CO 80203

8