**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02045

JACK BUTLER,

    Plaintiff,

v.

BURNING MAN PROJECT,
DAVE WELLHAUSER and
RANGER HAZELNUT a/k/a JANE DOE,

    Defendants.

**DEFENDANTS' MOTION TO TRANSFER**
**VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)**

Defendants Burning Man Project ("BMP"), Dave Wellhauser ("Wellhauser"), and Ranger Hazelnut a/k/a Stephanie Vesik ("Vesik") (collectively, "Defendants"), by and through their undersigned counsel, hereby move this Court, pursuant to 28 U.S.C. § 1404(a), to transfer this case to the United States District Court for the Northern District of California. In support of this Motion, Defendants state as follows:

### I. CONFERRAL

Pursuant to D.C.COLO.LCivR 7.1(a), undersigned counsel certify they conferred with counsel for Plaintiff. Plaintiff opposes the relief requested herein.

### II. INTRODUCTION

Plaintiff Jack Butler ("Plaintiff") is a citizen and resident of the State of Colorado, Defendant BMP is a foreign non-profit company with its principal place of business in San

Francisco, California, Defendant Wellhauser is a citizen and resident of the State of New York, and Defendant Vesik is a citizen and resident of the State of Oregon.

This lawsuit arises out of the investigation into Plaintiff concerning an allegation that Plaintiff sexually assaulted another person at the 2022 Burning Man event in Nevada. At that time, Plaintiff volunteered for the Black Rock Rangers ("Rangers"), a group that assists participants at Burning Man events. The alleged victim reported the incident to Ranger Defendant Wellhauser within the State of Colorado. The victim does not work for Defendant BMP or volunteers for the Rangers. Under the Ranger's guidelines, a sexual assault report is a "must report". Therefore, Defendant Wellhauser reported the allegation to Ranger Defendant Vesik, the Ranger's Personnel Manager. Under the direction of Defendant BMP, Defendant Vesik investigated the allegations against Plaintiff. **Exhibit A**, Vesik Declaration. Defendant BMP then denied Plaintiff the ability to volunteer in the future.

### III.    STATEMENT OF THE CASE

Plaintiff filed his Complaint with the District Court of Jefferson County, Colorado on April 3, 2024. On June 4, 2024, Plaintiff filed an Amended Complaint. **Exhibit B**. Plaintiff asserts two claims for relief: (1) Breach of Contract against Defendant BMP, and (2) Violation of Privacy Rights against all Defendants. The crux of Plaintiff's second claim for relief is that the investigation defamed Plaintiff. California is the proper venue for this case because Defendant BMP manages the Rangers, Defendant BMP investigated the allegations against Plaintiff, and Defendant BMP decided to deny Plaintiff the ability to volunteer in the future. Defendant Wellhauser did not contribute to the investigation.

## IV.     ARGUMENT

A plaintiff is not under an affirmative obligation to file an action in the most convenient forum, only in a "proper" forum. *See Newton v. Thomason*, 22 F.3d 1455, 1463-64 (9th Cir. 1994). The general venue statute, 28 U.S.C. § 1391 governs the venue of all civil actions brought in the federal district courts of the United States. Venue is generally proper when a district in which a "substantial part of the events or omissions" giving rise to the claim occurred or a "substantial part of property" that is the subject of the action is situated. 28 U.S.C. § 1391(b)(2).

Here, Plaintiff asserts two claims for relief: (1) Breach of Contract against Defendant BMP, and (2) Violation of Privacy Rights against all Defendants. Plaintiff's second claim for relief is based on the investigation in response to the alleged sexual assault.

### A.     The Factors Weigh In Favor Of Transfer

In ruling on a motion to transfer venue under section 1404(a), this court should consider the following factors:

> The plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to ensure attendance of witnesses; the cost of making the necessary proof; questions to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Gulf Oil Corp v. Gilbert*, 330 U.S. 501, 508-09 (1947); *Chrysler Credit Corp. v. Chrysler Corp.*, 928 F.2d 1509, 1516 (10th Cir. 1991); *Keymark Enterprises, LLC v. Eagle Metal Products*, 2008 U.S. Dist. Lexis 87843*6 (October 30, 2008).

### 1. The Location of Evidence And Witnesses Weighs In Favor Of Transfer

In assessing whether to transfer a case, the "convenience of witnesses and the ability to compel testimony of unwilling witnesses is the most heavily weighted factor in the [Section 1404(a)] analysis." *Cook v. Atchison, Topeka & Santa Fe Railway Co.*, 816 F.Supp. 667, 669 (D. Kan. 1993). Defendant BMP is located in San Francisco, CA., Defendant Wellhauser resides in New York, and Defendant Vesik resides in Oregon. Both individuals were Rangers for Defendant BMP when Plaintiff's allegations arose. *See* **Ex. B**. Documents and information concerning the investigation of Plaintiff are in California.

Defendants cannot confirm that any witnesses or evidence relevant to this matter are located in the State of Colorado. Besides being where Plaintiff resides, Plaintiff's only connection to Colorado is the location where the allegedly defamatory statement was made by someone not named in this lawsuit. Importantly, someone who is not affiliated with Defendant BMP. The subject of the alleged defamation was a sexual assault allegation that took place in the State of Nevada. *See* **Ex. B** at ¶ 7. As mentioned before, the investigation into the allegations against Plaintiff was led by Defendant BMP. All the investigation reports and documents are in California.

### 2. Plaintiff's Choice Forum Is Not Given Deference In This Situation

Generally, the Plaintiff's forum is given some deference. However, where there are no material factual allegations in Plaintiff's Complaint regarding the Plaintiff's choice forum, Courts do not give much deference to that choice. *See Keymark Enterprises, LLC v. Eagle Metal Products*, 2008 U.S. Dist. Lexis 87843 *10-11. Here, besides an allegation that Plaintiff resides in the State of Colorado, the only other reference to Colorado is the alleged defamatory statement by someone not affiliated with Defendant BMP. The statement was regarding an alleged sexual assault that

4

took place in Nevada. Because the investigation was conducted from the State of California, Plaintiff's choice of forum should carry little weight in determining proper jurisdiction.

### 3. The Convenience Of The Parties Weighs In Favor Of Transfer

In ruling on a motion to transfer, the court must consider the convenience of the parties. *Gulf Oil Corp,.* 330 U.S. at 508-09. Defendant BMP is in California. Defendant BMP would be significantly inconvenienced by litigating this case in Colorado because it is possible that it would take its employees away from work and family for hearings, depositions and trial, and would subject the company to the expense of cross-country travel. Because Defendants Wellhauser and Vesik would have the same hardships if the forum was in Colorado or California, the Court should place more weight on the convenience of Defendant BMP. It would be less of an inconvenience for Plaintiff to travel to California than for Defendant BMP to send its employees and volunteers to Colorado.

### 4. The Locus Of Operative Facts Lies In California

While Plaintiff resides in the State of Colorado, the alleged actions performed by the Defendants that gave rise to Plaintiff's two claims for relief occurred in the State of California. Plaintiff's Breach of Contract claim arises in California because the Rangers are managed from Defendant BMP's headquarters in San Francisco. Plaintiff's Violation of Privacy claim also arises in California because the investigation into the allegation against Plaintiff and the decision to not allow him to continue to volunteer was led from California. Further, little if any of the likely witnesses or documents to be sought in this case have any connection to Colorado whatsoever.

### 5. California Has An Interest In Determining Its Own Contractual Disputes

California law will likely apply to the contractual claims in Plaintiff's Complaint because California has an interest in deciding contract disputes that arise there. Where a choice-of-law provision in a contract does not control, which we do not have here, the factors to be considered in determining which state law applies include (a) the place of contracting; (b) the place of negotiation of the contract; (c) the place of performance; (d) the location of the subject matter of the contract; and (e) the domicile, residence, nationality, place of incorporation and place of business of the parties. Restatement (Second) of Conflict of Laws § 188.

Although there is no clear choice, most factors weigh in favor of California law applying to the contractual dispute. Plaintiff applied on Defendant BMP's website to volunteer at events outside of Colorado. Plaintiff chose to volunteer with a California company. The alleged contract breach by Defendant BMP occurred in California. Additionally, the alleged violation of privacy occurred when Defendant BMP investigated Plaintiff from California. Lastly, California law is fully equipped to handle Plaintiff's second claim for relief – violation of privacy.

### 6. The Interests of Justice Favor Transfer

The interests of justice favor the transfer of this matter to California. The only contact this matter has with Colorado is Plaintiff's allegation that he resides here. As discussed in detail above, the convenience of the witnesses and Parties, trial efficiency and the interests of justice weigh in favor of transferring this case to California.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request this Court transfer this matter to the United States District Court for the Northern District of California.

Respectfully submitted this 25th day of July, 2024.

JACKSON LEWIS P.C.

*s/ Ryan P. Lessmann*
Ryan P. Lessmann
Grant T. Spillers
950 17th Street, Suite 2600
Denver, Colorado 80202
Telephone: (303) 892-0404
Facsimile: (303) 892-5575
Ryan.Lessmann@jacksonlewis.com
Grant.Spillers@jacksonlewis.com

*ATTORNEYS FOR DEFENDANTS BURNING MAN PROJECT, DAVE WELLHAUSER, AND STEPHANIE VESIK*

## CERTIFICATE OF SERVICE

I certify that on this 25th day of July, 2024, a true and correct copy of the foregoing **DEFENDANTS' MOTION TO TRANSFER VENUE PURSUANT TO 28 U.S.C. SECTION 1404(a)** was filed and served via CM/ECF upon the following:

Dan Ernst
ERNST LEGAL GROUP, LLC
217 E. 7th Avenue
Denver, CO 80203
dan@ernstlegalgroup.com

*Attorneys for Plaintiff*

*s/ Felicia Sargent*
for Jackson Lewis P.C.

4878-7710-9709, v. 2