**EXHIBIT A**

| | |
|---|---|
| DISTRICT COURT, JEFFERSON COUNTY, STATE OF COLORADO<br>100 Jefferson County Parkway<br>Golden, CO 80401 | DATE FILED: April 3, 2024 1:28 PM<br>FILING ID: 7F1596947BE8B<br>CASE NUMBER: 2024CV30472 |
| **Plaintiff:**<br>JACK BUTLER, an Individual<br><br>v.<br><br>**Defendants:**<br>BURNING MAN PROJECT, a foreign nonprofit corporation, DAVE WELLHAUSER, an individual and RANGER HAZELNUT, aka (JANE DOE) an individual. | ▲COURT USE ONLY▲ |
| *Attorney for Plaintiff Butler*<br>Dan Ernst, #53438<br>ERNST LEGAL GROUP, LLC<br>217 E. 7th Avenue<br>Denver, CO 80203<br>Phone Number: 720-798-3667<br>dan@ernstlegalgroup.com | Case No.:<br><br>Division : |

## COMPLAINT AND JURY DEMAND

COMES NOW Plaintiff Jack Butler by and through counsel Ernst Legal Group, LLC to submit to the above-captioned Court his complaint against Defendants Burning Man Project, Dave Wellhauser, and Ranger Hazelnut ("Jane Doe") seeking remedies for injury to his reputation and privacy as well as economic and noneconomic damages caused by Defendant's tortious conduct and breach of contract, and in support of his legal claims states the following:

### PARTIES

1. Plaintiff JACK BUTLER, residing in Golden, Colorado, Jefferson County.

2. Defendant BURNING MAN PROJECT, is a foreign nonprofit corporation.

3. Defendant DAVE WELLHAUSER, is on information and belief, a resident of Larimer County, Colorado.

4.      Defendant Ranger Hazelnut ("Jane Doe") is on information and belief, an individual of foreign state residence.

## JURISDICTION AND VENUE

5.      This Court has personal jurisdiction over Defendants pursuant to C.R.S. § 13-1-214(1) as the causes of action herein arise from Defendant's commission of tortious acts and conduct constituting breach of contract within this state.

6.      Venue is proper pursuant to C.R.C.P. 98(c)(1) because Jefferson County is where the Plaintiff resides at relevant times to this matter and where the injury to his reputation and damages have been suffered.

## FACTS OF THE MATTER

7.      Jack Butler was accused of rape by a woman, who has subsequently retracted that false accusation, to the Burning Man Project Rangers ("Rangers").

8.      The Rangers are selected, trained and their conduct disciplined and rewarded by Defendant in a manner that creates liability for Defendant under the doctrine of *respondeat superior* for the tortious actions that ground Plaintiff's claims in this Complaint.

9.      The Rangers initiated an investigation and conducted it in Bailey, Colorado.

10.     The Rangers conducted the investigation in a matter that violated the written polices of the Burning Man Project in material breach of the agreements between Plaintiff and Defendant.

   i.   The written policies breached include the requirement that more than one Ranger be tasked with any interview of a potential witness to an investigation of allegations of sexual misconduct.

   ii.  The written polices to "FLAME" the allegations, including to listen to each side of a controversy.

    iii.    The written polices requiring transparence, including by failure to provide the report of Defendant Dave Wellhauser.

    iv.    The denial of Plaintiff's request to address the counsel regarding his suspension.

    v.    The denial of Plaintiff's request to have the suspension reconsidered after obtaining a favorable outcome in his civil litigation against his accuser and obtaining a retraction statement from her.

    vi.    The written policies breached include the promise that the investigation will be conducted in a fair and just manner.

11.    The Rangers conducted an investigation that violated Plaintiff's privacy rights.

    i.    The Rangers contacted persons who could not have had first-hand knowledge of the alleged rape, but who had prior sexual relationships with Plaintiff and informed them of the accusations against Plaintiff.

    ii.    The Ranger's goal in doing so was not to actually determine whether there was any truth in the details of the statements made by the woman accusing Plaintiff, but rather to collect "character evidence" constituted of negative comments against Plaintiff by his ex-lovers.

12.    The Rangers failed to find, or even investigate, any evidence corroborating the details of the accuser's allegations against Plaintiff, but yet unjustly determined to impose discipline against Plaintiff, with no means of appeal, and even after informing Plaintiff that his suspension would be reconsidered if warranted by the outcome of a civil litigation, refused to reconsider his suspension despite a favorable outcome and a retraction statement issued by his accuser.

## CAUSES OF ACTION

### *First Claim: Defamation against all Defendants*

13. Plaintiff incorporates into this section, by this reference, each and all allegations of this Complaint.

14. Plaintiff is a private person and is neither a public official nor a public figure.

15. Defendants repeated false accusations of rape against Plaintiff.

16. Defendants' statements that Plaintiff was being accused of rape would tend to reduce Plaintiff's reputation in a significant minority of the community. That is to say, the context and circumstances of the gist of the above-referenced statements could be construed as defamatory to the Plaintiff by an average member of general public.

17. Defendants' publications caused harm Plaintiff's reputation and subjected him to public contempt, disgrace, ridicule, and attack.

18. Defendants acted with actual malice, that is to say, their defamatory statements were made knowing they were false or with serious doubts as to their truth at the time the statements were made.

19. Defendants' defamatory statements constitute defamation per se. The harmful nature of the defamatory statements is self-evident.

20. Defendants publicly disseminated the defamatory publications to a large audience causing significant damages to the Plaintiff.

21. Defendants' defamatory publications have injured Plaintiff's reputation and exposed Plaintiff to public and private contempt, embarrassment, and competitive disadvantage.

22. Defendants' defamatory publications have and will continue to cause harm to Plaintiff.

23. Due to Defendants' conduct, Plaintiff has suffered and continues to suffer substantial damages in an amount to be proven at trial

### *Second Claim: Breach of Contract*

24. Plaintiff incorporates into this section, by this reference, each and all allegations of this Complaint.

25. Plaintiff had contracts and agreements with Defendants.

26. Plaintiff performed his obligations under the contracts and agreements.

27. Defendants failed to perform their obligations under the contracts and agreements by failing to abide by the organization's own written policies and procedures.

28. Defendant's actions caused Plaintiff to incur economic damages.

### *Third Claim: Violation of Privacy*

30. Plaintiff incorporates all previous paragraphs herein by this reference.

31. The above-referenced procedures of investigation by the Defendant's agents needlessly and recklessly or intentionally disclosed private and sensitive information to persons who the Rangers knew had no information relevant or admissible to prove the accusation against Plaintiff.

32. The Defendant made these communications to people who they knew had no information that would be useful in determining whether Plaintiff had committed the crime of rape.

33. Defendant's communication of these statements defaming Plaintiff resulted in humiliation as well as pecuniary damage to Plaintiff.

34. Plaintiff has been significantly damaged in reputation to the extent that economic and noneconomic losses may be proven.

### **JURY DEMAND**

Plaintiff demands a jury trial for all above-identified issues and claims that are triable to a jury.

## **REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests Judgment be entered on his behalf and against Defendants for the following relief as is determined to be his entitlement and as is appropriate, mandatory and just:

a.  General and special damages as compensation for damage to his reputation both up to the present and into the future;

b.  Because Defendants' conduct amounts to defamation per se, Plaintiff is entitled to and respectfully requests an award of presumed damages;

c.  Plaintiff is entitled to and requests an award of nominal damages and a Judgment clearing its name;

d.  Plaintiff is entitled to exemplary damages, and shall request them through the appropriate procedures at the appropriate time in these proceedings, because Defendants acted with malice and actual malice;

e.  Plaintiff requests compensatory and consequential damages for lost wages, lost opportunities and other economic damages in an amount to be proven at trial;

f.  Plaintiff requests noneconomic damages in an amount to be proven at trial;

g.  Plaintiff requests attorneys' fees as mandatory, just and provided for by Colorado law;

h.  Plaintiff requests pre-judgment and post-judgment interest;

i.  Plaintiff requests legal costs;

j.  and any such other relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED ON April 3, 2024,

6

By:   ERNST LEGAL GROUP, LLC

    */s/Dan Ernst*    
Dan Ernst, #53438
*Attorney for Plaintiff*

Plaintiff Jack Butler
c/o Ernst Legal Group, LLC
217 East 7th Avenue
Denver, CO 80203