IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02045

JACK BUTLER,

      Plaintiff,

v.

BURNING MAN PROJECT,
DAVE WELLHAUSER and
RANGER HAZELNUT a/k/a JANE DOE,

Defendants.

## MOTION TO REMAND

Plaintiff Jack Butler, through counsel, respectfully submits his Motion to Remand this matter back to Colorado State District Court, Jefferson County, Case No. 2024CV30472, and in support of this motion Plaintiff states the following:

### CERTIFICATE OF CONFERRAL RE: MOTION FOR EXTENSION

Plaintiff's counsel conferred with Defendants' counsel regarding the motion to remand and Defendants oppose the relief requested.

### MOTION

### A.  The Federal Removal Statute Is Strictly Construed

Because Federal courts are courts of limited jurisdiction, there is a presumption against removal jurisdiction which must be overcome by the party seeking removal. The removal statutes are strictly construed, and ambiguities should be resolved in favor of remand. *See Shamrock Oil & Gas v. Sheets*, 313 U.S. 100.108-09, 61 S. Ct. 868, 85 L. Ed. 1214 (1941); *Fajen v. Found*

1

*Reserve Ins. Co.,* 683 F.2d 331, 333 (10th Cir, 1982). "[T]here is a presumption against removal jurisdiction," and doubtful cases must be resolved in favor of remand. *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995) (citation omitted). The defendant seeking removal must establish that federal court jurisdiction is proper "by a preponderance of the evidence". *McPhail v. Deere & Co.*, 529 F.3d 947, 953 (10th Cir. 2008). As the removing party, the defendant bears the burden of proving all jurisdictional facts and of establishing a right to removal. In *Egle Nursing Home v. Erie Insurance Group*, 981 F.Supp. 932 (D.Md. 1997), the District of Maryland explained that:

> The removal jurisdiction of the federal courts is to be "scrupulously confined," and "[i]f federal [removal] jurisdiction is doubtful, a remand is necessary." This strict policy against removal and for remand protects the sovereignty of state governments and state judicial power. The party seeking removal bears the burden of stating facts in its notice of removal demonstrating an entitlement to removal.

*Id.* at 933, quoting *Mulcahey*, 29 F.3d at 151. *See also Burns v. Windsor Ins*. Co., 31 F.3d 1092, 1095 (11th Cir. 1994) ("Federal courts are courts of limited jurisdiction. While a defendant does have a right, given by statute, to remove in certain situations, plaintiff is still the master of his own claim....[R]emoval statutes are construed narrowly: where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand."); *Gaus v. Miles, Inc*., 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."); and *Navarro v. Subaru of America Operations Corp*., 802 F. Supp. 191, 193 (N.D. Ill. 1992)("Questions of removal are accordingly strictly construed against federal jurisdiction ... and ambiguities are resolved against removal when doubt exists as to jurisdiction.").

"Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377 (1994). Thus, federal courts must "presume no jurisdiction exists absent an adequate showing" of "a statutory basis for their jurisdiction." *Dutcher v. Matheson*, 733 F.3d

980, 98485 (10th Cir. 2013) (citations omitted); see also *Board of Cnty. Comm'rs of Boulder Cnty. v. Suncor Energy* (U.S.A.) Inc., 25 F.4th 1238, 1250 (10th Cir. 2022) ("there is a presumption against [federal] jurisdiction") (citation omitted). The removal statutes are construed strictly against removal jurisdiction and federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *See*, *Pritchett v. Office Depot, Inc.,* 404 F.3d 1232, 1235 (10 th Cir. 2005) ("It is well established that the statutes conferring jurisdiction upon the federal courts, and particularly removal statutes, are to be narrowly construed in light of our constitutional role as limited tribunals." Citing *Shamrock Oil & Gas Corp.,* 313 U.S. 100, 108-09 (1941).) "Federal courts, therefore, are to strictly construe the removal statutes to resolve all doubts against removal." *Rivera v. Fast Eddie's, Inc*.,829 F.Supp.2d 1088, 1090 (D.N.M. 2011). *See also*, *Padilla v. American Modern Home Ins. Co.,* 282 F.Supp.3d 1234, 1253 (D.N.M. 2017).

"The party invoking federal jurisdiction bears the burden of establishing such jurisdiction as a threshold matter," G*wilt v. Harvard Square Retirement & Assisted Living*, 537 F. Supp. 3d 1231, 1237 (D. Colo. 2021) (citation omitted), and it must prove jurisdiction "by a preponderance of the evidence," *Suncor Energy*, 25 F.4th at 1250. Further, "the jurisdiction of the court depends upon the state of things at the time of the action brought." *Grupo Dataflux v. Atlas Global Grp., L.P*., 541 U.S. 567, 570 (2004) (citation omitted). Where, as here, "a case is originally filed in state court, there is a 'strong presumption' against removal and all ambiguities must be resolved against removal." *Uhland v. Agrigenetics, Inc*., 2019 WL 399234, at *3 (D. Colo. Jan. 31, 2019) (citation omitted).

### B. Complete Diversity does not Exist and Remand is Proper.

To have jurisdiction in a diversity case pursuant to 28 U.S.C. § 1332(a), there must be "complete diversity" such that "each plaintiff must be diverse from each defendant." *Ravenswood Inv. Co., L.P. v. Avalon Corr. Servs*., 651 F.3d 1219, 1223 (10th Cir. 2011); *Grynberg v. Kinder Morgan Energy Partners, L.P*., 805 F.3d 901, 905 Diversity between the parties must be complete. *Caterpillar, Inc. v. Lewis,* 519 U.S. 61, 68 (1996). Whenever federal jurisdiction in a removed action is premised upon complete diversity, the existence of diversity is determined from the fact of citizenship of the parties named and not from the status of whether actual service has occurred. *See, e.g., Pullman Co. v. Jenkins*, 305 U.S. 534, 540-41, 59 S.Ct. 347, 350-51 (1939); and *New York Life Ins. Co. v. Deshotel*, 142 F.3d 873, 883-84 (5 th Cir. 1998). Cir. 2015).

At the time Plaintiff filed his Compliant in April 3, 2024, Defendant Dave Wellhauser was, on information and belief, a resident of Colorado. The information and belief grounding Plaintiff's conclusion included the following:

(1) Defendant Wellhauser owned a home in Colorado at the time of filing;

(2) Defendant Wellhauser's daughter lived in Colorado at the time of filing;

(3) Defendant works as a FedEx driver and held a Colorado driver's license at the time of filing.

Based on this information, Plaintiff concludes that Defendant is only temporarily sojourning in New York, intends to return to Colorado, and therefore that Defendant Wellhauser was at the time of filing of Plaintiff's Complaint and remains a resident of Colorado.

In determining 'citizenship' for purposes of the diversity jurisdiction statute, an individual person's domicile determines citizenship and a person's domicile is defined as the place where the

individual person has a residence in fact and an intent to remain indefinitely, as of the time of the filing of the lawsuit. *See*, *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir.1983).

### C.  The Notice of Removal Was Untimely Filed

Pursuant to 28 U.S.C. § 1446(b), Defendant must file a Notice of Removal within thirty (30) days of being served with the Complaint. Defendant Wellhauser was served on June 15, 2024 (*see* Exhibit A attached hereto, *Affidavit of Service*), making July 15, 2024, the date before which he was required to file a timely Notice of Removal. The Notice of Removal herein was untimely filed on July 25, 2024.

Plaintiff's First Amended Complaint and related documents were delivered to Defendant Burning Man Project's general counsel Adam Belsky on June 6, 2024 (*see* Exhibit B attached hereto, *Email to BMP General Counsel with attachments*). "The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service <u>or otherwise</u>, of a copy of the initial pleading setting forth the claim for relief". 28 U.S.C. § 1446(b)(1).

### CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court grant his motion and remand this matter to the State Court of Colorado, District of Jefferson County, or in the alternative, grant leave to conduct limited discovery necessary to determine by a preponderance of the evidence that Defendant Wellhauser was a resident of Colorado at the time Plaintiff filed his Complaint.

Dated: August 26, 2024,

By: ERNST LEGAL GROUP, LLC

*/s/ Dan Ernst*
Dan Ernst, Esq., Reg. #53438

*Attorney for Plaintiff Butler*
217 E 7th Ave.
Denver, CO 80203

# CERTIFICATE OF SERVICE

The undersigned attorney, Dan Ernst, does hereby certify that on August 26, 2024 a copy of the above Motion, was served upon Defendants' counsel of record electronically the above's being filed in the above-captioned matter using the CM/ECF system, which will send notification of such filing to the following counsel of record to their CM/ECF-registered email addresses:

JACKSON LEWIS P.C.
Ryan P. Lessmann
Grant T. Spillers
950 17th Street
Suite 2600
Denver, Colorado 80202
(303) 892-0404
Facsimile: (303) 892-5575
Ryan.Lessmann@jacksonlewis.com
Grant.Spillers@jacksonlewis.com
*Attorneys For Defendants Burning Man Project, Dave Wellhauser, Stephanie Vesik*

By: */s/Dan Ernst*
ERNST LEGAL GROUP, LLC
*Attorney for Plaintiff*