**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:24-cv-02045

JACK BUTLER,

    Plaintiff,
v.

BURNING MAN PROJECT,
DAVE WELLHAUSER and
RANGER HAZELNUT a/k/a JANE DOE,

Defendants.

---

**NOTICE OF ERRATA RE: REPLY IN SUPPORT OF MOTION TO REMAND**

---

Plaintiff Jack Butler, through counsel, respectfully submits his Motion for Leave to Amend Complaint to Add a Defendant. *See* Second Amended Complaint attached hereto as **Exhibit A**. The additional Defendant, Elsewhence.com LLC is a Colorado Limited Liability Company owned and operated by Defendant DAVE WELLHAUSER and is a necessary party to this litigation. Because the additional Defendant is a Colorado business entity, its addition to this matter would undermine the claim of "complete diversity" upon which jurisdiction of this Court has been asserted by Defendants and give reason to Grant Plaintiff's Motion to Remand this matter back to Colorado State District Court, Jefferson County, Case No. 2024CV30472. Plaintiff respectfully submits this motion for leave to amend his Complaint stating the following:

**<u>CERTIFICATE OF CONFERRAL</u>**

Plaintiff's counsel conferred with Defendants' counsel regarding the herein request for leave to amend, and counsel represented that Defendants will oppose the requested leave.

1

## MOTION

1.      Plaintiff's counsel has recently been informed that the Burning Man Project sponsored event "Elsewhence" that took place in Bailey, Colorado and which is the locus of the conduct that serves as the basis for Plaintiff's claims, is operated by a Colorado Limited Liability Company owned and registered by Defendant David Wellhauser under the name "Elsewhence.com". *See* **Exhibit B**, true and correct copy of the Colorado Secretary of State's Summary of Registered Business Entity. Plaintiff thus respectfully requests leave to Amend the Complaint to add the Colorado Limited Liability Company, "Elsewhence.com" as a Defendant in this matter.

2.      Leave to amend should be "freely give[n] . . . when justice so requires." Fed. R. Civ. P. 15(a)(2). District courts therefore "may withhold leave to amend only for reasons such as "undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment." *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010) (quotation marks omitted) (reversing denial of leave to amend). The same standard applies to a motion to add a party. *See, e.g., Tilley v. Maier*, No. CIV.A. 10-2206- CM, 2011 WL 1102872, at *3 (D. Kan. Mar. 23, 2011).

3.      The motion will not prejudice Defendants. "Courts typically find prejudice only when the amendment unfairly affects the defendants in terms of preparing their defense to the amendment." *Minter v. Prime Equip. Co*., 451 F.3d 1196, 1208 (10th Cir. 2006) (internal quotation marks omitted). Here, discovery has not yet commenced, and so Defendants' ability to prepare their defense will in no way be hampered. Indeed, the posture here is, in effect, no

different from when a plaintiff may amend as of right. *See* Fed. R. Civ. P. 15(a)(1)(B). The Rules recognize that amendments in these circumstances are appropriate, not prejudicial: "A responsive amendment may avoid the need to decide the motion or reduce the number of issues to be decided, and will expedite determination of issues that otherwise might be raised seriatim. It also should advance other pretrial proceedings." *See id*. advisory committee's note.

4. Plaintiff's motion is likewise timely. There is no scheduling order set in this case, and as mentioned, discovery has not yet commenced. Further, Plaintiffs notified Defendants and this Court of their intent to move for leave to amend prior to the deadline for Plaintiffs to file their briefs in response to Defendants' motions.

5. Nor can it be said that Plaintiff's proposed amendment is futile. The Court has not yet ruled on the issues presented in Defendants' motions, and the amendments, as explained above, are directly responsive to Defendants' arguments.

## CONCLUSION

WHEREFORE, Plaintiff respectfully requests the Court grant his motion to amend to add the Colorado Limited Liability Company owned and operated by Defendant Dave Wellhauser as a Defendant in this matter; given that the basis of jurisdiction of this court is the existence of complete diversity, the Court is also respectfully requested to remand this matter to the State Court of Colorado, District of Jefferson County, with leave to amend the Complaint to add David Wellhauser's Colorado Limited Liability Company, "Elsewhence.com" as a Defendant, given that it is under the egis and operation of this entity that the actions which are the basis for Plaintiff's complaint were conducted.

Dated: November 20, 2024,

By: ERNST LEGAL GROUP, LLC

*/s/ Dan Ernst*
Dan Ernst, Esq., Reg. #53438
*Attorney for Plaintiff Butler*
217 E 7th Ave.
Denver, CO 80203

## **CERTIFICATE OF SERVICE**

The undersigned attorney, Dan Ernst, does hereby certify that on November 20, 2024 a copy of the above Motion to Amend, was served upon Defendants' counsel of record electronically the above's being filed in the above-captioned matter using the CM/ECF system, which will send notification of such filing to the following counsel of record to their CM/ECF-registered email addresses:

JACKSON LEWIS P.C.
Ryan P. Lessmann
Grant T. Spillers
950 17th Street
Suite 2600
Denver, Colorado 80202
(303) 892-0404
Facsimile: (303) 892-5575
Ryan.Lessmann@jacksonlewis.com
Grant.Spillers@jacksonlewis.com
*Attorneys For Defendants Burning Man Project, Dave Wellhauser, Stephanie Vesik*

By: */s/Dan Ernst*
ERNST LEGAL GROUP, LLC
*Attorney for Plaintiff*

4