IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02045-SBP

JACK BUTLER,

      Plaintiff,

v.

BURNING MAN PROJECT,
DAVE WELLHAUSER and
RANGER HAZELNUT a/k/a JANE DOE,

      Defendants.

**DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF ERRATA RE: REPLY IN SUPPORT OF MOTION TO REMAND**

Defendants Burning Man Project, Dave Wellhauser, and Stephanie Vesik, a/k/a Ranger Hazelnut (collectively, "Defendants"), by and through their undersigned counsel, Jackson Lewis P.C., respond to Plaintiff's Notice of Errata Re: Reply in Support of Motion to Remand [ECF No. 30] where he requests the Court for leave to amend the Complaint to add a defendant (the "Motion"). Construing Plaintiff's intentions, Defendant responds in opposition to his Motion by stating the following:

**INTRODUCTION**

Plaintiff's Motion asks the Court for leave to amend his Complaint to include "Elsewhence.com LLC" ("Elsewhence") as an additional Defendant, who, if granted, would destroy complete diversity under 28 U.S.C. § 1332(a). The purpose of Plaintiff's request is to have the Court grant Plaintiff's previously filed Motion to Remand, so this

matter is returned to Colorado State District Court, Jefferson County. The Court should deny this Motion because Plaintiff is attempting to join a nondiverse party fraudulently to satisfy his goal. Accordingly, Plaintiff's Motion should be denied.

## BACKGROUND INFORMATION

In September 2022, a woman ("Woman") attended an Elsewhence event, which "is not affiliated with or sanctioned by the Burning Man Project." *See* Motion, Exhibit A, p. 8. She accused Plaintiff, a volunteer Black Rock Ranger ("Ranger") at Burning Man Project's annual Burning Man Event, of raping her during the Burning Man event that took place the previous month. Rangers play a role in assisting attendees at the Burning Man event. The Woman shared her accusation with people while at the Elsewhence event and with Defendant David Wellhauser ("Wellhauser") after the Elsewhence event. Wellhauser reported the allegation to the Rangers. **Exhibit 1**[1], Declaration of Dave Wellhauser at ¶ 3. Contradictory to Plaintiff's allegation in his Proposed Second Amended Complaint ("Proposed Amended Complaint"), neither Wellhauser nor any Elsewhence personnel conducted an investigation. *Id.* at ¶ 4. Plaintiff seeks to include Elsewhence as a defendant and assert a claim for Violation of Privacy Rights against it. *See* Motion, Exhibit A, *Second Claim: Violation of Privacy Rights.*

However, Plaintiff's Motion to include Elsewhence as a defendant is a clear attempt to manipulate jurisdiction rather than address legitimate legal claims. Plaintiff's Motion lacks any factual basis to support the allegation that Elsewhence violated his privacy

---

[1] In an effort to avoid confusion and because Plaintiff identified the exhibits in his Motion with letters, Defendants will list their exhibits as numbers.

2

rights. The Proposed Amended Complaint does not provide evidence that Elsewhence communicated any private information about the Plaintiff. Instead, the allegations focus on the Rangers' actions, not Elsewhence. Furthermore, Plaintiff's statements are contradictory. In his Motion, Plaintiff claims that the Elsewhence event was sponsored by the Burning Man Project. Yet, in the Proposed Amended Complaint, he explicitly concedes that the Elsewhence event is not affiliated with or sanctioned by the Burning Man Project, which it is not. This inconsistency undermines the credibility of Plaintiff's claims. Moreover, because the court is directed to look beyond the pleadings in addressing joinder under 28 U.S.C. § 1447(e), the fact that Elsewhence is not affiliated with or sanctioned by Burning Man Project and that Wellhauser was acting in his role as a Burning Man Project Ranger in reporting the allegation against Plaintiff to the Rangers means that Plaintiff's asserted basis for respondeat superior liability against Elsewhence has no factual support and joinder must be denied.

Further, the timing of Plaintiff's Motion is highly suspect. Plaintiff filed this Motion after Defendants submitted their response to Plaintiff's Motion for Remand, which disputed Plaintiff's assertion that Wellhauser is a resident of Colorado. By including Elsewhence, a nondiverse party, Plaintiff aims to destroy complete diversity and have the case remanded to state court. This strategic move indicates a bad-faith attempt to avoid federal jurisdiction. Plaintiff offers no plausible explanation for why he seeks to add Elsewhence at this stage, further suggesting that the motive is to manipulate jurisdiction rather than pursue a genuine legal claim. Therefore, the Court should recognize this dilatory motive and deny Plaintiff's Motion to include Elsewhence as a defendant.

3

## **LEGAL ARGUMENT**

F.R.C.P. 15(a) provides that "the district court may deny leave to amend where amendment would be futile." *Jefferson County Sch. Dist. No. R-I v. Moody's Investor's Services. Inc.*, 175 F.3d 848, 859 (10th Cir. 1999). "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004) (citing *Jefferson County Sch. Dist. v. Moody's Investor's Servs.*, 175 F.3d 848, 859 (10th Cir. 1999).

Because this case was initially filed in state court and removed to federal court by Defendants, this Court must also consider 28 U.S.C. § 1447(e), which provides if, after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court." *Alqadi v. Singh*, No. 23-CV-0364-CVE-JFJ, 2023 U.S. Dist. LEXIS 179640 (N.D. Okla. Oct. 5, 2023). "A court considers four factors when determining whether joinder and remand is proper under § 1447(e): '(1) whether the amendment is intended to destroy federal jurisdiction, (2) whether the plaintiff was dilatory in filing the motion, (3) whether the plaintiff would be significantly injured if the motion to amend were denied, and (4) any other equitable factors.'" *Szucs v. Allstate Vehicle*, Civil Action No. 1:22-cv-02868-RMR-MEH, 2023 U.S. Dist. LEXIS 93856, at *5-6 (D. Colo. May 30, 2023) (citing *Pacheco v. Const. Nursing & Rehab. Ctr. LLC*, No. 21-cv-00875-DDD-KMT, 2021 U.S. Dist. LEXIS 229665, 2021 WL 5548303, at *2 (D. Colo. July 6, 2021). The Tenth Circuit has directed courts to "pierce the pleadings, consider the entire record, and

4

determine the basis of joinder by any means available." *Dodd v. Fawcett Publ'ns, Inc.*, 329 F.2d 82, 85 (10th Cir. 1964).

## ARGUMENT

### I. Plaintiff's Motion is Futile

The court should deny Plaintiff's Motion because the Proposed Amended Complaint is futile. "A proposed amendment is futile if the complaint, as amended, would be subject to dismissal." *Anderson v. Suiters,* 499 F.3d 1228, 1238 (10th Cir. 2007).

"A complaint must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" *Kerber v. Qwest Group Life Ins. Plan*, 544 F. Supp. 2d 1187, 1191 (D. Colo. 2008) (quoting *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007)). Conclusory allegations or legal conclusions masquerading as factual conclusions will not prevent a motion to dismiss. *See Parker v. Stryker Corp.*, 584 F. Supp. 2d 1298, 1299 (D. Colo. 2008). "[A] plaintiff must 'nudge [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss . . . Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider,* 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1974).

The court has the authority to address the futility of adding a claim against a prospective defendant. Indeed, addressing futility now instead of waiting for the prospective defendant to file a motion to dismiss comports with Federal Rule of Civil

5

Procedure 1's directive to secure the just, speedy, and inexpensive determination of every action and proceeding. *See, e.g., Worster-Sims v. Tropicana Entm't, Inc.,* No. 13-1981, 2014 U.S. Dist. LEXIS 75066 (D.N.J. June 3, 2014) (finding court had authority to address futility of adding new defendant, relying on Federal Rule of Civil Procedure 1, and stating "[i]t is much more efficient to address the futility of defendants' amendments now rather than waiting for the issue to be raised months from now after defendants' amendments are filed, [third-party defendant] is served, [third-party defendant] retains an attorney, and then [third-party defendant's] inevitable Rule 12(b)(6) motion to dismiss is filed."); *Foster v. Cerro Gordo Cty.,* No. 14-cv-3013, 33 F. Supp. 3d 1052 (D. Iowa July 25, 2014) (finding current defendant could assert futility on behalf of prospective defendants where prospective defendants have close legal relationship with current defendants).

Here, Plaintiff's Motion is futile because he failed to adequately allege any facts to support his allegation that Elsewhence violated his privacy rights, which is the only claim for relief he asserted against Elsewhence in his Proposed Amended Complaint. The Plaintiff alleges that the **Rangers** violated his privacy rights by disclosing private and sensitive information to others. Motion, Exhibit A, p. 31, **emphasis added**. Plaintiff construes this allegation in his following paragraph to say these communications were made with "malicious intent to people who they knew had no information that would be useful in determining whether Plaintiff had committed the crime of rape." *Id*, at p. 32. Nowhere in Plaintiff's second claim for relief does he mention and/or allege that Elsewhence communicated this information to anyone. Although paragraph 32 starts with

6

"Defendants made these communications," "these communications" refer to the alleged disclosure of private and sensitive information made by the **Rangers**. *Id.* at p. 31.

Additionally, paragraph 32 states that Defendants shared information about Plaintiff's alleged rape of the Woman with individuals who were unlikely to offer helpful insights into whether Plaintiff committed the crime of rape. However, Plaintiff stated that the Woman communicated the rape allegation to several individuals at the Elsewhence event. Motion, Exhibit A, p. 8. Even if Plaintiff construed paragraph 32 to include Wellhauser's communication to the Rangers, which it does not, Plaintiff must show a reasonable likelihood that Wellhauser communicated the allegation to the Rangers for malicious intent purposes and that he knew they would have no useful information concerning the circumstances surrounding the rape allegation. Plaintiff's Motion does not proffer any such evidence. Thus, Plaintiff's Proposed Amended Complaint does not give this Court reason to believe that Plaintiff is reasonably likely to muster factual support. *See Ridge at Red Hawk*, 493 F.3d at 1177.

As such, this Court should deny Plaintiff's Motion because his request to add Elsewhence as a Defendant is futile and would be subject to dismissal.

II. **Plaintiff's Attempt to Add Another Defendant is a Sham and Should Be Disallowed Under Section 1447(e)**

Where, after removal, the plaintiff seeks to join additional defendants whose joinder would destroy diversity jurisdiction, the court must consider whether joinder is proper under the § 1447(e) factors enumerated above.

### A. *Plaintiff's Motion to Amend His Complaint to Include Elsewhence as a Defendant is Intended to Destroy Federal Jurisdiction.*

In light of the above facts, there can be no doubt that joinder was motivated solely to avoid federal jurisdiction and proceeding in the instant court. Plaintiff did not intend to pursue Elsewhence as a defendant at the outset of this case, and he offers no plausible explanation for why he seeks to add Elsewhence following removal and judicial assignment.

The party asserting fraudulent joinder must "demonstrate that there is no possibility that plaintiff would be able to establish a cause of action against the joined party in state court." *Montano v. Allstate Indemnity*, 2000 U.S. App. LEXIS 6852, 2000 WL 525592, at *1 (10th Cir. Apr. 14, 2000). Plaintiff cannot establish a cause of action against Elsewhence because he cannot satisfy all the required elements of the claim. When bringing a tort claim for invasion of privacy by public disclosure of private facts, the plaintiff must prove the following factors:

> "(1) the fact or facts disclosed must be private in nature; (2) the disclosure must be made to the public; (3) the disclosure must be one which would be highly offensive to a reasonable person; (4) the fact or facts disclosed cannot be of legitimate concern to the public; and (5) the defendant acted with reckless disregard of the private nature of the fact or facts disclosed."

*Robert C. Ozer, P.C. v. Borquez*, 940 P.2d 371, 377 (Colo. 1997). The public disclosure element requires "communication to the public in general or to a large number of persons, as distinguished from one individual or a few." *Id.*

Here, Plaintiff cannot prove the second factor against Elsewhence because Plaintiff stated that **the Woman told people** at the Elsewhence event that Plaintiff had raped her. *See* Motion, Exhibit A, p. 8. **Emphasis added**. Thus, Plaintiff admitted that the

8

Woman communicated the alleged private information to the general public or many people at the Elsewhence event. Wellhauser informed the Rangers of the allegation because the alleged rape occurred at the Burning Man event where Plaintiff volunteered as a Ranger.

### B. *The Court Should Deny Plaintiff's Motion Because Plaintiff Has a Dilatory Motive.*

Plaintiff's motive to include Elsewhence as a Defendant is to defeat complete diversity jurisdiction rather than address legitimate legal claims. Courts "may withhold leave to amend only for reasons such as 'undue delay, bad faith, or dilatory motive on the part of the movant [. . .]'" *Cohen v. Longshore*, 621 F.3d 1311, 1313 (10th Cir. 2010). In *Elite Oil Field Enters v. Reed*, the court agreed with courts outside the Tenth Circuit that a plaintiff's motive for amendment should weigh most heavily. No. 19-cv-00539-RBJ, 2019 U.S. Dist. LEXIS 231621, at *9 (D. Colo. Sep. 23, 2019).

Plaintiff filed the Motion to include Elsewhence as a Defendant after Defendants submitted their response to Plaintiff's Motion for Remand. In their response, Defendants disputed Plaintiff's assertion that Wellhauser is a resident of Colorado, which undermined the complete diversity of the parties. Defendants provided evidence that Wellhauser is, in fact, a resident of New York [ECF No. 18]. Therefore, Plaintiff is only filing this Motion to double down on his attempt to have the case remanded to state court.

Additionally, Plaintiff's true motive as to why he is now requesting the Court for leave to include Elsewhence as a Defendant is highlighted by the fact that he contradicts himself in his Motion and Proposed Amended Complaint. Plaintiff states in his Motion that "Plaintiff's counsel has been recently informed that the Burning Man Project sponsored

9

event "Elsewhence" [. . .] which is the locus of the conduct that serves as the basis for Plaintiff's claims [.]" Motion, p. 1. However, Plaintiff's explicitly states in his Proposed Amended Complaint that Plaintiff attended "a Burning Man Project inspired event named 'Elsewhence' [. . .] [t]he ***Elsewhence event is not affiliated with or sanctioned by the Burning Man Project*** [and] Elsewhence Agents are not recognized as Burning Man Project, LLC employees." Motion, Ex. A, p. 8. ***Emphasis added***.

Therefore, it is evident that Plaintiff's Motion to include Elsewhence as a Defendant is not made in good faith, but rather as a tactic to manipulate jurisdiction and have the case remanded to state court. The Court should recognize this dilatory motive and deny the Plaintiff's Motion.

### C. *Plaintiff Would Not Be Significantly Injured If The Court Denied His Motion Because He Does Not Have a Viable Claim Against Elsewhence and He Could Obtain Complete Relief Without the Addition of Elsewhence.*

As stated earlier, Plaintiff admitted that the Woman communicated the alleged private information to the general public or many people. Thus, Plaintiff does not have a viable claim for invasion of privacy by public disclosure of private facts against Elsewhence.

Plaintiff's attempt to include Elsewhence is based on the alleged conduct of Wellhauser, referred to by Plaintiff as an "Elsewhence Agent." Motion, Exhibit A, p. 9. Plaintiff's theory is that this alleged conduct creates liability for Elsewhence under the doctrine of *respondeat superior*. *Id.* However, Wellhauser is a Ranger. **Ex. 1** at ¶ 2. Therefore, Plaintiff's liability claim under the doctrine of *respondeat superior* works for the already named Defendants – Wellhauser and Burning Man Project. Plaintiff can obtain

10

complete relief without adding Elsewhence, as Defendant Burning Man Project would be vicariously liable for the conduct of its agent(s) or employee(s).

### D. *No Other Equitable Factors Weigh In Support For Allowing the Addition of a Party Which Would Defeat This Court's Diversity Jurisdiction.*

The Court must prioritize judicial efficiency and avoid the waste of resources that would result from granting Plaintiff's Motion. If the Court allows the inclusion of Elsewhence as a Defendant, Defendants will be forced to spend time and money to request the state court to dismiss Elsewhence and remove the case to federal jurisdiction again.

Plaintiff's motive is clear: to defeat complete diversity jurisdiction rather than to address legitimate legal claims. The Court should recognize this dilatory tactic and acknowledge that Plaintiff can obtain complete relief without adding Elsewhence. By denying Plaintiff's Motion, the Court will uphold judicial efficiency and prevent unnecessary delays and expenses.

## CONCLUSION

For all the reasons stated above, Defendants respectfully request the Court to deny Plaintiff's Motion.

Respectfully submitted this 18th day of December 2024.

        JACKSON LEWIS P.C.

        *s/ Ryan P. Lessmann*
        Ryan P. Lessmann
        Grant T. Spillers
        950 17th Street, Suite 2600
        Denver, Colorado 80202
        Telephone: (303) 892-0404
        Facsimile: (303) 892-5575
        Ryan.Lessmann@jacksonlewis.com
        Grant.Spillers@jacksonlewis.com

        *ATTORNEYS FOR DEFENDANTS*
        *BURNING MAN PROJECT,*
        *DAVE WELLHAUSER AND*
        *STEPHANIE VESIK*

## **CERTIFICATE OF SERVICE**

I certify that on this 18th day of December 2024, a true and correct copy of the foregoing **DEFENDANTS' RESPONSE TO PLAINTIFF'S NOTICE OF ERRATA RE: REPLY IN SUPPORT OF MOTION TO REMAND** was filed and served via CM/ECF upon the following:

Dan Ernst
ERNST LEGAL GROUP, LLC
217 E. 7th Avenue
Denver, CO 80203
dan@ernstlegalgroup.com

*Attorneys for Plaintiff*

        *s/ Amber Gonzales*
        for Jackson Lewis P.C.