IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02045-SBP

JACK BUTLER,

    Plaintiff,

v.

BURNING MAN PROJECT,
DAVE WELLHAUSER, and
RANGER HAZELNUT, a/k/a JANE DOE,

    Defendants.

---

### ORDER ON PENDING MOTIONS

---

**Susan Prose, United States Magistrate Judge**

    Plaintiff Jack Butler originally brought this action in the Jefferson County, Colorado, District Court against Defendant Burning Man Project ("Burning Man"), Dave Wellhauser, and "Ranger Hazelnut," whom Defendants identify as Stephanie Vesik. The matter is before the court on Plaintiff's motions to amend his complaint and to remand the case to state court. ECF No. 13 ("Motion to Remand"); ECF No. 30 ("Motion to Amend"); ECF No. 30-1 ("Proposed Second Amended Complaint"). Also before the court is Defendants' motion to transfer venue to the United States District Court for the Northern District of California. ECF No. 2. All parties have consented to the jurisdiction of the undersigned United States magistrate judge to conduct all proceedings in this matter pursuant to 28 U.S.C. § 636(c). ECF No. 23 (consent form); ECF No. 24 (Order of Reference).

    The court has carefully considered the Motions and associated briefing and finds that oral

argument would not materially assist in the resolution of these matters. For the reasons set forth below, the court respectfully **DENIES** the Motion to Remand, **GRANTS** the Motion to Amend, and **DENIES** the Motion to Transfer **without prejudice** to refiling.

I.  Background

According to the current complaint in this matter, Plaintiff resides in Colorado. First Amended Complaint, ECF No. 5 ¶ 1. He alleges that, on an unspecified date, a woman accused him of raping her—a "false accusation," Plaintiff contends, that she subsequently retracted. *Id.* ¶ 7. Although not clearly articulated in the First Amended Complaint, other information in the docket reflects that the alleged assault occurred at a Burning Man event in Bailey, Colorado. Motion to Remand ¶ 1; Wellhauser Declaration, ECF No. 33-1 ¶ 3. At the time of the incident, Plaintiff was volunteering as a "Black Rock Ranger." Wellhauser Decl. ¶ 3.[1] Other Rangers investigated the woman's accusation, allegedly in a manner "that violated the written policies of the Burning Man Project" and Plaintiff's privacy rights. *Id.* ¶¶ 9-11.

On April 3, 2024, Plaintiff brought suit in Jefferson County District Court against Burning Man, Mr. Wellhauser, and Ms. Vesik, raising various claims under Colorado state law. ECF No. 4. On July 25, 2024, Defendants removed the case to this court and simultaneously moved to transfer venue to the United States District Court for the Northern District of California. Notice of Removal, ECF No. 1; Motion to Transfer, ECF No. 2. On August 26, 2024,

---

[1] Mr. Wellhauser describes the Black Rock Rangers as "a volunteer group that participates in Burning Man events." Wellhauser Decl. ¶ 3. For additional context only, the court observes that the Rangers identify themselves as "a cross-section of the Burning Man community who volunteer some of their time in the community as non-confrontational mediators" during Burning Man events. *See* https://www.rangers.org/rangers.v2/who.html, last visited March 21, 2025.

2

Plaintiff filed the Motion to Remand, in which he argues that jurisdiction in this court is lacking because there is not complete diversity among the parties and because removal allegedly was not accomplished within the thirty-day timeframe set forth in 28 U.S.C. § 1446(b)(1). Motion to Remand at 4-5. Defendants counter that complete diversity of citizenship exists, conferring jurisdiction in this court, and that removal was timely. ECF No. 18 at 2-6.

On November 20, 2024, Plaintiff filed the Motion to Amend,[2] in which he seeks to add as a defendant an entity called "Elsewhence." Plaintiff describes Elsewhence as a Colorado limited liability company owned and registered by Mr. Wellhauser under the name "Elsewhence.com." Motion to Amend at 2. Defendants argue that the proposed amendment is both futile and driven by "a bad-faith attempt to avoid federal jurisdiction," thus violating the prohibition on fraudulent joinder set forth in 28 U.S.C. § 1447(e). ECF No. 33 at 3.

## II.   Analysis

### A.   Citizenship of Mr. Wellhauser and Elsewhence

The core issue underlying both the Motion to Remand and the Motion to Amend is whether the presence of Mr. Wellhauser and Elsewhence in the case destroys diversity

---

[2] In his reply brief in support of the Motion to Amend, Plaintiff suggests that he is authorized to amend his pleading as a matter of course, and without filing a motion, because Defendants have not yet responded to the pending complaint. ECF No. 36 at 2. That statement is at odds with Plaintiff's pursuit of a motion to amend and also does not accurately reflect the record here or the parameters of Rule 15. *See* Fed. Rs. Civ. P. 15(a)(1), (a)(2) (allowing amendment "*once* as a matter of course" in certain circumstances, while all other amendments require either "the opposing party's written consent or the court's leave") (emphasis added). It is apparent from the face of the operative complaint—entitled a "First Amended Complaint"—that at least one prior amendment has occurred. Therefore, the court proceeds to assess the merits of the Motion to Amend, which is the procedural mechanism by which Plaintiff must obtain an amendment over Defendants' opposition at this stage of the case.

3

jurisdiction. The evidence before the court confirms that it does not.

      **1.     Legal Standards**

To begin with the legal principles governing diversity, "diversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "When diversity jurisdiction is the basis for removal, diversity must exist both at the time the action is filed in state court and at the time the case is removed to federal court." *Woods v. Ross Dress for Less, Inc.*, 833 F. App'x 754, 757 (10th Cir. 2021) (citing *Grupo Dataflux v. Atlas Glob. Grp., L.P.*, 541 U.S. 567, 570-71, 574 (2004) (other citations omitted)).

"For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state." *Middleton*, 749 F.3d at 1200. "And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* (citing *Crowley v. Glaze*, 710 F.2d 676, 678 (10th Cir. 1983); *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989) ("[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain there.")). Thus, "domicile, not residency or mailing address, is determinative of citizenship." *Pac. Specialty Ins. Co. v. Poirier*, No. 18-cv-00880-PAB, 2018 WL 4697323, at *1 (D. Colo. June 27, 2018) (citing *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972) ("[A]llegations of mere 'residence' may not be equated with 'citizenship' for the purposes of establishing diversity.")); *see also Holyfield*, 490 U.S. at 48 ("Domicile is not necessarily synonymous with 'residence,' and one can reside in one place but be domiciled in another.") (citations omitted).

In evaluating domicile, the court may consider factors that include a litigant's "residency, work address, vehicle registration, and ownership of real property in a particular state[.]" *Ordonez v. Am. Auto. Ins. Co.*, No. 18-cv-02906-PAB, 2018 WL 6075251, at *2 (D. Colo. Nov. 21, 2018) (citation omitted). But while these factors "are indicative of domicile, they are not conclusive." *Id.* (citing *Middleton*, 749 F.3d at 1200-01 (stating that courts should "consider the totality of the circumstances" to determine a party's domicile)). Therefore, "[c]ourts typically consider several other factors in determining a party's citizenship," which can include "place of employment or business" and "driver's license and automobile registration[.]" *Id.* (quotation and citation omitted).

In the case of an unincorporated limited liability company like Elsewhence, "a[n] LLC 'takes the citizenship of all its members.'" *Spring Creek Expl. & Prod. Co., LLC v. Hess Bakken Investment, II, LLC.*, 887 F.3d 1003, 1014 (10th Cir. 2018) (quoting *Siloam Springs Hotel, L.L.C. v. Century Sur. Co.*, 781 F.3d 1233, 1234 (10th Cir. 2015)); *see also Siloam Springs Hotel*, 781 F.3d at 1238 ("[T]his court must reject Century Surety's request to determine the citizenship of Siloam Springs by reference to its state of organization and the state of its primary business operations and, instead, joins all other circuits that have considered the matter in concluding Siloam Springs takes the citizenship of all its members.") (citation omitted). In response to the court's order to identify all members of Elsewhence and to clarify the citizenship of each of those members, Defendants state that Elsewhence "has one member, Dave Wellhauser. Mr. Wellhauser is a citizen of the state of New York." ECF No. 38 at 1.

"[A] party invoking diversity jurisdiction bears the burden of proving its existence by a preponderance of the evidence." *Middleton*, 749 F.3d at 1200. Based on the evidence presented,

5

Defendants have satisfied their burden to show that both Mr. Wellhauser and Elsewhence are citizens of the state of New York.

## 2. Evidence Concerning Citizenship

To begin with Mr. Wellhauser's citizenship, Defendants represented in the Notice of Removal that Mr. Wellhauser "is a citizen and resident of the State of New York." *Id.* ¶ 17 (citing Affidavit of Service affirming service on Wellhauser in Buffalo, New York, on June 6, 2024). In the Motion to Remand, Plaintiff purports to dispute the point based "on information and belief" that Mr. Wellhauser was a resident of Colorado when Plaintiff filed his complaint in Jefferson County District Court on April 3, 2024. *Id.* at 4. Plaintiff asserts that "Wellhauser is only temporarily sojourning in New York, intends to return to Colorado, and therefore . . . was at the time of filing of Plaintiff's Complaint and remains a resident of Colorado." *Id.* Plaintiff further states, without reference to documentary evidence, that "(1) Defendant Wellhauser owned a home in Colorado at the time of filing; (2) Defendant Wellhauser's daughter lived in Colorado at the time of filing; (3) Defendant works as a FedEx driver and held a Colorado driver's license at the time of filing." *Id.*

Defendants present evidence contradicting each of these points. They submit a document titled "Sellers Statement of Settlement," generated by Land Title Guarantee Company and signed by Mr. Wellhauser as the "Seller," reflecting a sale of property located on Mallard Lane in Brighton, Colorado, on July 26, 2023—more than eight months before Plaintiff initiated this action in Jefferson County District Court. ECF No. 18-2. Defendants also provide a "First Payment Notification" from 1st Priority Mortgage, Inc., in Williamsville, New York, stating that Mr. Wellhauser's first monthly mortgage payment on a residential property in Buffalo, New

6

York, was due December 1, 2023. ECF No. 18-3.

As for Plaintiff's speculation about Mr. Wellhauser's residence based on the fact that one of his daughters lived in Colorado when the Complaint was filed, Motion to Remand at 4, the court discerns no basis for drawing conclusions about an individual's domicile based on the residence of an adult child. In any event, Defendants do not dispute that one of Mr. Wellhauser's daughters lived in Colorado at the time, but they explain that another daughter actually lives with Mr. Wellhauser in Buffalo, and that his mother also resides in Buffalo "nearby" him. ECF No. 18 at 4. Finally, Defendants submit a copy of a New York State commercial driver's license issued to Mr. Wellhauser on July 30, 2024, which lists the same address in Buffalo, New York, as noted on the 1st Priority Mortgage document.

Based on the evidence presented by Defendants, which is unrefuted by the speculative assertions of Plaintiff, the court finds that Defendants have met their burden to show that Mr. Wellhauser was domiciled in the state of New York—and therefore was a citizen of New York for purposes of evaluating the diversity question—when Plaintiff initiated this action in state court on April 3, 2024, and when the case was removed to this court on July 25, 2024.

This conclusion likewise resolves the citizenship question as to Elsewhence, because Mr. Wellhauser is its sole member, and Elsewhence assumes his New York citizenship. *See, e.g.*, *Siloam Springs*, 781 F.3d at 1234. The court is not persuaded to reach a different result based on Plaintiff's submission of an undated document from the website of the Colorado Secretary of State identifying Mr. Wellhauser as the registered agent for Elsewhence at a street address in Denver. *See* ECF No. 22-1. Plaintiff has not attempted to explain Mr. Wellhauser's connection to this address, and the court has found that Defendants have come forward with sufficient evidence

7

to meet their burden to establish that Mr. Wellhauser has in fact been domiciled in New York at all times relevant here.

In short, neither Mr. Wellhauser nor Elsewhence are citizens of Colorado, and their presence in this litigation does not destroy diversity.

### B. Motion to Remand

In the Motion to Remand, Plaintiff asserts that the case must be remanded because Mr. Wellhauser is a citizen of Colorado, thus negating diversity jurisdiction,[3] and because the Notice of the Removal was not timely filed. Motion to Remand at 3-6. The court has disposed of the first issue in finding that both Mr. Wellhauser and Elsewhence are citizens of New York.

With respect to the alleged untimeliness of the removal to this court, a party seeking to remove an action to federal court is required to comply with 28 U.S.C. § 1446(b), which sets a deadline for the filing of a notice of removal. That notice must either be filed within thirty days of the date on which the defendant is served with a complaint or, if the basis for federal subject matter jurisdiction does not appear on the face of the complaint, within thirty days of the defendant's receipt of any other filing that clearly establishes a basis for federal jurisdiction. 28 U.S.C. § 1446(b)(1), (3). Under the "last-served defendant rule," the deadline for removal runs thirty days after the latest-served defendant is served. *Id.* § 1446 ("If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not

---

[3] The parties do not dispute that diversity of citizenship exists among Plaintiff, a resident of Colorado; Ms. Vesik, a resident of Oregon; and Burning Man, a California nonprofit corporation. *See* Notice of Removal ¶¶ 14, 15, 18.

previously initiate or consent to removal."). "A removal that does not comply with the express statutory requirements is defective, and the court may, upon request, remand the case to state court." *Goncharova-Souder v. Gen. Shale Brick, Inc.*, No. 22-cv-02528-MDB, 2023 WL 3494213, at *3 (D. Colo. May 17, 2023) (citing *Miller v. Lambeth*, 443 F.3d 757, 759 (10th Cir. 2006) ("The two categories of remand within § 1447(c) . . . are remands for lack of subject matter jurisdiction and for defects in removal procedure.")).

"There is a presumption against removal jurisdiction . . . and the party seeking removal has the burden of proof to establish jurisdiction." *Anderson v. Lehman Bros. Bank*, 528 F. App'x 793, 795 (10th Cir. 2013) (citations omitted). In light of this presumption, courts "strictly construe removal statutes and procedural requirements." *Casey v. Williams Prod. RMT Co.*, 599 F. Supp. 2d 1250, 1251 (D. Colo. 2008); *see also Fajen v. Found. Rsrv. Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982) ("Removal statutes are to be strictly construed and all doubts are to be resolved against removal.") (internal citation omitted).

Here, Defendants collectively removed the case on July 25, 2024, seventeen days after Ms. Vesik, the last-served defendant, was served on July 8, 2024. ECF No. 18-2 at 2; *see also* ECF No. 18-1 ¶ 5 (noting acceptance of service by defense counsel on behalf of Vesik on July 8, 2024). Thus, Defendants removed this case within thirty days of service on Ms. Vesik, and since the earlier-served defendants—Mr. Wellhauser on June 15, 2024, and Burning Man on June 27, 2024—it was timely. ECF No. 6 (Burning Man and Wellhauser affidavits of service).

To sum up, because removal was timely and the requisite diversity jurisdiction exists here, the court respectfully **DENIES** the motion to remand.

C.     **Motion to Amend**

Federal Rule of Civil Procedure 15 provides that unless an amendment is allowed as a matter of course, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Rule 15 further directs that courts should "freely give leave when justice so requires." *Id.* "The purpose of the Rule is to provide litigants the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006) (internal quotations omitted). A court may deny a motion to amend on the grounds of "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of [the] amendment." *Hasan v. AIG Prop. Cas. Co.*, 935 F.3d 1092, 1101-02 (10th Cir. 2019) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)). "The party contesting the motion to amend has the burden of proving that the amendment should be refused on one of these bases." *Openwater Safety IV, LLC v. Great Lakes Ins. SE*, 435 F. Supp. 3d 1142, 1151 (D. Colo. 2020).

Here, Defendants assert that amendment to add Elsewhence as a party is both futile and made for the bad-faith purpose of depriving this court of jurisdiction. As for the contention concerning bad faith, the court has determined that Elsewhence's presence as a diverse defendant does not destroy jurisdiction. The court thus takes up the futility question and finds that amendment should be allowed.

In the Motion to Amend, Plaintiff asserts that Elsewhence is a proper defendant in this case because that entity sponsored the Burning Man event, "which is the locus of the conduct

that serves as the basis for Plaintiff's claims" in this litigation. Motion to Amend ¶ 1 (stating that "Plaintiff's counsel has recently been informed" of information about Elsewhence's connection to the event). In the Proposed Second Amended Complaint, Plaintiff alleges that "[t]he woman who accused Plaintiff of rape (who has subsequently retracted that false accusation) made that accusation to persons attending the Elsewhence event, and those persons repeated that accusation to Elsewhence personnel including Defendant David Wellhauser . . . who in turn reported the accusation to the Burning Man Project Black Rock Rangers[.]" *Id.* ¶ 8. Further, Plaintiff contends, "Elsewhence Agents are selected, trained and their conduct disciplined and rewarded by Defendant Elsewhence in a manner that creates liability for Elsewhence under the doctrine of *respondeat superior* for the tortious actions that ground Plaintiff's claims in this Complaint." *Id.* ¶ 9. Based on these allegations, Plaintiff proposes to bring a claim for "violation of privacy rights" against Elsewhence. *Id.* ¶¶ 30-34.

Defendants urge that amending the pleading to name Elsewhence is futile because Plaintiff has "failed to adequately allege any facts to support his allegations that Elsewhence violated his privacy rights" and that Plaintiff "fails to proffer any . . . evidence" showing "a reasonable likelihood that Wellhauser communicated the [rape] allegation to the Rangers for malicious intent purposes and that he knew that would have no useful information concerning the circumstances surrounding the rape allegations." ECF No. 33 at 6-7. For these reasons, Defendants argue, the proposed amended pleading "would be subject to dismissal." *Id.* at 7.

Initially, in focusing on a supposed failure to "proffer . . . evidence," it is not clear that Defendants correctly describe the standard for evaluating a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *See, e.g., Strauss v. Angie's List, Inc.*, 951 F.3d 1263, 1267

(10th Cir. 2020) ("The court's function on a Rule 12(b)(6) motion is not to weigh potential evidence that the parties might present at trial, but to assess whether the plaintiff's . . . complaint alone is legally sufficient to state a claim for which relief may be granted. We accept all well-pled factual allegations as true and view these allegations in the light most favorable to the nonmoving party.") (quoting *Peterson v. Grisham*, 594 F.3d 723, 727 (10th Cir. 2010)). To be sure, "an amendment is futile 'if it would not survive a motion to dismiss.'" *Salim v. ADX Warden*, No. 22-cv-03374-CNS-STV, 2024 WL 5400719, at *2 (D. Colo. Nov. 20, 2024) (quoting *Bituminous Cas. Corp. v. Hartford Cas. Ins. Co.*, No. 12-cv-00043-WYD-KLM, 2013 WL 6676157, at *2 (D. Colo. Dec. 18, 2013), and citing *Bradley v. Val-Mejias*, 379 F.3d 892, 901 (10th Cir. 2004)), *recommendation adopted sub nom. Salim v. AUSA_SDNY Off.*, 2025 WL 460956 (D. Colo. Feb. 11, 2025) .

However, it is also the case that judges in this District have repeatedly recognized that, in most situations, "futility arguments are better addressed" in the context of full briefing—motion, response, and reply—on a motion to dismiss. *Godfrey v. United States*, No. 07-cv-02165-MSK-MEH, 2008 WL 80302, at *2 (D. Colo. Jan. 7, 2008); *see also, e.g.*, *Electro-Mechanical Prods., Inc. v. Alan Lupton Assocs. Inc.*, No. 22-cv-00763-PAB-SP, 2023 WL 5152627, at *3 (D. Colo. July 10, 2023) (recognizing that "[d]enying a motion to amend based on futility is uncommon in this District and usually involves claims that are facially unsupported in the proposed amendment"). Defendants do not discuss the voluminous authority in this District expressing reticence to deny motions to amend on futility grounds. *See* ECF No. 33 at 6 (citing cases from the District of New Jersey and the District of Iowa).

Defendants point to no facial defect in the proposed pleading or other clear justification

12

for finding futility at this juncture. Instead, their arguments delve into the specifics of the pleading and call upon the court to conduct a detailed examination of Plaintiff's allegations and to make a particularized plausibility determination. These underdeveloped merits arguments are more appropriately addressed on a motion to dismiss or motion for summary judgment. Accordingly, the court respectfully rejects Defendants' futility arguments as premature.

Moreover, Rule 15(a) requires the court to consider whether there was undue delay or dilatory motive. Here, the court finds none. On November 20, 2024, Plaintiff's counsel represented that he had "recently been informed that the Burning Man Project sponsored event 'Elsewhence' that took place in Bailey, Colorado and which is the locus of the conduct that serves as the basis for Plaintiff's claims, is operated by a Colorado Limited Liability Company owned and registered by Defendant David Wellhauser under the name 'Elsewhence.com'") (citing to ECF No. 30-2, a printout from the Colorado Secretary of State website).

The conclusion that amendment should be allowed is further bolstered by the lack of any showing of prejudice to Defendants. Prejudice is the "most important factor in deciding a motion to amend the pleadings," *Minter*, 451 F.3d at 1207, and "[c]ourts typically find prejudice only when the amendment unfairly affects the defendants 'in terms of preparing their defense to the amendment.'" *Id.* at 1208 (*quoting Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). "Most often, this occurs when the amended claims arise out of a subject matter different from what was set forth in the complaint and raise significant new factual issues." *Id.* Here, it is apparent that adding the sponsor of the Burning Man event—a limited liability company of which a current Defendant is the sole member—does not implicate significant factual issues. Defendants, notably, have not argued that they would be prejudiced by an amendment, nor can the court

13

discern any prejudice in this context.

For these reasons, the court respectfully rejects the argument that amendment should be denied on futility grounds. Pursuant to Federal Rule of Civil Procedure 15(a)(2) directing this court to "freely give leave when justice so requires," the court respectfully **GRANTS** the Motion to Amend.

### III.   Motion to Transfer Venue

The court respectfully **DENIES without prejudice** Defendants' motion to transfer this case to the Northern District of California. ECF No. 2. Defendants may refile the motion, if they deem appropriate, directed to the Second Amended Complaint.

### CONCLUSION

Consistent with the foregoing, the court respectfully **ORDERS** as follows:

(1) The Motion to Remand, ECF No. 13, is **denied**;

(2) The Motion to Amend, ECF No. 30, is **granted**; and

(3) The Motion to Transfer Venue, ECF No. 2, is **denied** without prejudice to timely refiling that motion after the Second Amended Complaint is docketed. Plaintiff shall file a clean version of the Second Amended Complaint within three (3) business days of this Order.

It is further **ORDERED** that a telephonic status conference is set for April 7, 2025, at 1:00 p.m., in Courtroom A502, on the fifth floor of the Alfred A. Arraj United States Courthouse located at 901 19th Street, Denver, Colorado. The parties shall attend by calling 571-353-2301, Guest meeting ID- 868150043. All attendees shall please mute their phone when not speaking and not use speaker phone.

DATED: March 28, 2025

BY THE COURT:

_____
Susan Prose
United States Magistrate Judge