IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02045

JACK BUTLER,

    Plaintiff,

v.

BURNING MAN PROJECT,
DAVE WELLHAUSER,
STEPHANIE VESIK a.k.a.
RANGER HAZELNUT, and
ELSEWHENCE.COM, LLC,

Defendants.

**PLAINTIFF'S RESPONSE TO MOTION TO TRANSFER VENUE TO U.S. DISTRICT COURT FOR NORTHERN DISTRICT OF CALIFORINA**

    Plaintiff Jack Butler, through counsel, hereby submits his response to Defendants' Renewed Motion to Transfer Venue Pursuant to 28 U.S.C. Section 1404(a) ("Motion"), respectfully requesting the Motion be denied and states the following:

    Plaintiff is a citizen and resident of Colorado. Defendant Elsewhence.com is a Colorado Limited Liability Company, whose registered principal office street address and mailing address is 268 S. Logan St., Denver CO 80209, and whose listed Registered Agent is Defendant David Wellhauser, who is also listed as having a street and mailing address of 268 S. Logan St., Denver, CO 80209. *See attached*

1

**Exhibit A**, a true and correct copy of the Colorado Secretary of State business search "Summary" printed June 5, 2025.

This lawsuit arises out of an incident of defamation against Plaintiff that occurred at the Elsewhence gathering in Bailey, Colorado. "Elsewhence" is an event organized and operated by Defendant Dave Wellhauser in Colorado, under the state of Colorado's limited liability law that protects Defendant Elsewhence.com along with the relevant insurance policies and contracts formed and performed in Colorado related to that event. *See* Plaintiff Declaration, attached as **Exhibit B**.

It was during that event in Bailey, Colorado that Jack Butler was falsely accused of sexual assault by a woman attending the event to multiple people. *See* Second Amended Complaint ("SAC") ¶ 8. The woman (who never filed a police report and subsequently retracted the accusation) made the statement to persons attending the event in Bailey, Colorado. One or more persons to whom she made the false accusation repeated it to Elsewhence personnel in Bailey, Colorado. Defendant Dave Wellhauser, owner and managing director of the Elsewhence event, was in Bailey, Colorado when he reacted to the report he heard of the accusation against Plaintiff by launching an "investigation" of Plaintiff's past relationships, directing Elsewhence employee Caroline Kert (a resident of Colorado and attorney licensed and practicing in Colorado) to interview members of Plaintiff's community in Colorado (*e.g.*, Lisa "Fox" Wachowicz, Plaintiff's former girlfriend who is and at all relevant times was a resident of Colorado; Julie Pellerin, Plaintiff's former

2

girlfriend who is and at all relevant times was a resident of Colorado; as well as other persons who were residents of Colorado). Defendant Wellhauser, in reaction to the false accusation against Plaintiff also formed a "Colorado Consent Committee" that included other members of Plaintiff's community in Colorado to hear the defamatory statements and accusations against him. Defendant Wellhauser also contacted Briana Cook (Plaintiff's current girlfriend who is and at all relevant times was a resident of Colorado) to inform her of the false accusations against Plaintiff and tell her that Plaintiff was banned from Elsewhence and other Burning Man community gatherings in Colorado. In addition, Defendant Wellhauser contacted the Burning Man Project ("BMP") Black Rock Rangers (an organization to which Plaintiff belonged) to report the false accusation against Plaintiff and to spark Defendant BMP's own investigation of the false and retracted accusation.

The locus of the conduct out of which this matter arises is in Colorado. The witnesses of that conduct and the documents relevant to this matter are in Colorado. This case is about the conduct of Defendants – conduct that took place in Colorado, involving witnesses who reside in Colorado. This case is NOT about Plaintiff's alleged (false and retracted) criminal conduct in Nevada. In short, a "substantial part of the events" giving rise to the claims that are the subject of this action are situated in Colorado, and thus venue is proper in Colorado. *See* 28 U.S.C. § 1391(b)(2).

3

A motion to transfer venue is governed by 28 U.S.C. § 1404(a), which provides: "[f]or the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."  The party moving to transfer venue has the burden of establishing that the existing forum is inconvenient. *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir. 1991). Unless the balance of factors is strongly in favor of the movant, Plaintiff's choice of forum should rarely be disturbed. *Scheidt v. Klein*, 956 F.2d 963, 965 (10th Cir. 1992). Exercise of the power to transfer venue rests in the sound discretion of the district court. *Scheidt v. Klein*, 956 F. 2d 963, 965 (10th Cir. 1992) (citing *Metropolitan Paving Co. v. International Union of Operating Eng'rs,* 439 F.2d 300, 305 (10th Cir.), *cert. denied,* 404 U.S. 829, 30 L. Ed. 2d 58 , 92 S. Ct. 68 (1971) ("in order to find error in the refusal to transfer [under § 1404(a)], it must appear that there was a clear abuse of discretion by the trial judge.").

The Tenth Circuit in *Chrysler Credit Corp. v. Chrysler Corp.*, 928 F.2d 1509, 1516 (10th Cir. 1991) offers the following non-exclusive factors for consideration in determining a motion to transfer pursuant 28 U.S.C. § 1404(a): (1) Plaintiff's choice of forum; (2) accessibility of witnesses and other sources of proof, including the availability of compulsory process; (3) the cost of making the necessary proof; (4) questions as to the enforceability of a judgment if there is one; (5) relative

advantages and obstacles to a fair trial; (6) difficulties that may arise from congested dockets; (7) the possibility of the existence of questions arising in the area of conflict of laws; (8) the advantage of having a local court determine questions of local law; and (9) all other considerations of a practical nature that make a trial easy, expeditious, and economical.

Factor number one clearly weighs in favor of Plaintiff's request to keep the case here in Colorado. Plaintiff filed this matter in Colorado state court, and "unless the balance is strongly in favor of the movant the plaintiff's choice of forum should rarely be disturbed." *William A. Smith Contracting Co. v. Travelers Indem. Co.,* 467 F.2d 662, 664 (10th Cir. 1972); *see Texas E. Transmission Corp. v. Marine Office-Appleton & Cox Corp.,* 579 F.2d 561, 567 (10th Cir. 1978) ("Plaintiff's choice [of forum] is also given considerable weight.").

The second factor also clearly favors keeping the case in Colorado. The incident of defamation out of which this matter arises occurred here in Colorado, the witnesses to the defamation are in Colorado, the documents of the spread of the defamatory statement through the Elsewhence operation and personnel are presumably still here in Colorado (which is the principal place of business of Elsewhence), and the persons interviewed as part of the "investigation" all are residents and were residents at all relevant times in Colorado. Furthermore, the witnesses and documents can be subpoenaed and compelled under the jurisdiction of this Colorado Court.

5

The costs of conducting the depositions of the witnesses prior to trial and of obtaining their testimony at trial will be minimized by keeping the case in Colorado. That is to say, factors 3 and 9 weigh in favor of denying Defendants' Motion to transfer pursuant to § 1404(a).

Additionally, because the burden is on Defendants to prove the inconvenience of this Colorado venue and they do not raise in their Motion any problem regarding the enforcement of a judgement made by this Colorado Court, factor 4 doesn't support their Motion.

Factor 5, if it were an issue, would weigh in favor of keeping this matter out of Northen California, where one of the Defendants (the Burning Man Project) is a popular organization that brings in a good deal of tourism, income and notoriety to Northern California. Factor 6 also weighs in favor of keeping the matter in Colorado, as the California courts' dockets are notoriously congested. Factors 7 and 8 also weigh in favor of keeping the case in Colorado, in that Colorado privacy-rights law has a greater potential of differing from California's law in a manner that materially affects the outcome of this case than any potentially relevant differences in the two states' contract law.  Finally, factor 9 clearly weighs in favor of keeping this matter in Colorado, as practical considerations of interviewing, deposing and getting witnesses to court will be much easier, making the adjudication of this matter relatively expeditious and economical if the matter stays here in Colorado.

The only reason to move this matter to the Northern District of California is because that is where Defendant Burning Man Project sits. The conduct which is the subject of this case occurred in Bailey, Colorado, the witnesses and documents of that conduct are in Colorado, the damage done to Plaintiff is to his reputation in his community located in Colorado, the rights violations of which he complaints are those Plaintiff is entitled to as a resident of Colorado. Defendant Burning Man Project is a multi-million dollar corporation with the means to hire a firm in Colorado (which it has), while Plaintiff is an individual who has no connections to lawyers in Northern California and has a long-standing relationship with his attorney in this matter, who is located here in Denver. Justice weighs in favor of allowing Plaintiff to bring this matter to court with the legal counsel of his choice. Defendants' motion to transfer this matter to Northen California would thwart Plaintiff's ability to do so.

RESPECTFULLY SUBMITTED

Dated: June 6, 2025,

By: ERNST LEGAL GROUP, LLC

*/s/ Dan Ernst*
Dan Ernst, Esq.
ERNST LEGAL GROUP, LLC
217 E. 7th Ave.
Denver, CO 80203
720-798-3667
Dan@ernstlegalgroup.com
*Attorney for Plaintiff Jack Butler*

# CERTIFICATE OF SERVICE

The undersigned does hereby certify that on June 6, 2025 a copy of the above Response to Motion to Transfer was served upon Defendants' counsel of record electronically by its being submitted for filing in the above-captioned matter using the PACER CM/ECF system, which will send notification of such filing to the following counsel of record to their CM/ECF-registered email addresses:

JACKSON LEWIS P.C.
Ryan P. Lessmann
Grant T. Spillers
Ryan.Lessmann@jacksonlewis.com
Grant.Spillers@jacksonlewis.com
*Attorneys For Defendants Burning Man Project, Dave Wellhauser, Stephanie Vesik, Elsewhence.com LLC*

By: */s/Dan Ernst*
ERNST LEGAL GROUP, LLC
*Attorney for Plaintiff*